

FILED
JAMES BONINI
CLERK

2008 APR 23  A 11: 36

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Case No. 2:08 CV 385 |
| vs. | Judge JUDGE FROST |
| COLUMBIA GAS OF OHIO, INC, | Magistrate Judge MAGISTRATE JUDGE KING |
| Defendant. | |

## COMPLAINT AND JURY TRIAL DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of gender, female, and to make whole Jean Iler.

Ms. Iler was subjected to a hostile work environment due to her female gender, which included but was not limited to, offensive, demeaning and derogatory comments, gestures, objects and other forms of harassment which threatened her safety. Despite repeated complaints to management and management's witnessing the harassment, Defendant failed to take prompt and corrective action, thereby allowing the harassment to continue and intensify.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("CRA of 1991").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

2

4. At all relevant times, Defendant Columbia Gas of Ohio, Inc. (the "Employer"), has continuously been an Ohio corporation for profit doing business in the State of Ohio, City of Zanesville and County of Muskingum and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

### Conditions Precedent

6. More than thirty days prior to the institution of this lawsuit, Jean Iler filed a Charge with the Commission alleging a violation of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

### Title VII Individual Claims

7. Continuously since at least April, 2001 Defendant has engaged in unlawful employment practices due to gender at and surrounding its facility in Zanesville, Ohio, facility in violation of Section 703(a) of Title VII, 42 U.S.C. Sections 2000e-2(a). The practices include subjecting Jean Iler to a hostile and offensive work environment due to her female gender by condoning harassing behavior of her male co-workers. Incidents of harassment committed by her male co-workers include, but are not limited to daily vulgar sex-based verbal insults and name calling by male co-workers, male co-workers spreading rumors about her having sex with others, and disregard for her safety:

3

daily calling her a "bitch," a "cunt," a "bitch in a ditch,"

telling her that she would "suck the snotty end of [his] fuck stick,"

telling her to "get me a pipe wrench, you cunt,"

asking her "could you hand me that, you worthless bitch,"

displaying a female cheerleader doll with a "C" for "cunt" on her shirt, which was called the "Jean Doll," into which a pencil was inserted in the anal area while remarking that "this is what [Iler] gets for being off,"

spreading rumors that Iler was having sex with male co-workers from another department,

repeatedly telling her that "women are the root of all evil" and "women aren't worth it,"

telling Iler and co-workers that "Jean [Iler] sucked off" a co-worker,

stating that "women are worthless" and their purpose was to be "on their backs" but that they "got fat,"

ignoring and shunning Iler,

sneering and rolling eyes at Iler,

refusing to answer Iler's questions, and

ignoring Iler's safety by stalling her departure from a job site to delay her arrival at the emergency room for treatment of a potentially serious medical condition.

Despite repeated complaints to management and management's witnessing the harassment, Defendant failed to take prompt and corrective action, thereby allowing the harassment to continue and intensify.

4

8. The effect of the practices complained of in paragraph 7 above, has been to deprive Jean Iler of equal employment opportunities, because of her sex, female.

9. The unlawful employment practices complained of in paragraph 7 above, were intentional.

10. The unlawful employment practices complained of in paragraph 7 above, were done with malice or with reckless indifference to the federally protected rights of Jean Iler.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors and assigns, and all other persons in active concert or participation with it, from sexually harassing employees.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities, terms, conditions and privileges of employment for female employees and which eradicate the effects of its past unlawful employment practices.

5

C.  Order Defendant Employer to make whole Jean Iler by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to an offer to Jean Iler of rightful place reinstatement or frontpay in lieu of reinstatement.

D.  Order Defendant Employer to make whole Jean Iler by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-10 above, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Jean Iler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-10 above, including emotional upset and pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to make whole Jean Iler by providing punitive damages for its malicious or recklessly indifferent conduct described in paragraphs 7-10 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this Action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                        Respectfully submitted,

                        RONALD S. COOPER
                        General Counsel

                        JAMES L. LEE
                        Deputy General Counsel

                        GWENDOLYN YOUNG REAMS
                        Associate General Counsel
                        Equal Employment Opportunity
                         Commission
                        Washington, DC

                        JACQUELINE H. MCNAIR
                        Regional Attorney
                        Philadelphia, Pennsylvania

                        */s/ C. Larry Watson*

                        C. Larry Watson (0031443)
                        Associate Regional Attorney
                        Larry.Watson@eeoc.gov (Email)

_/s/ J.A. Stern_
Jeffrey A. Stern (0020107)
Senior Trial Attorney
Jeffrey.Stern@eeoc.gov (Email)

Equal Employment Opportunity
 Commission
Cleveland Field Office
The AJC Federal Office Building
1240 East 9th Street, Room 3001
Cleveland, Ohio 44199
(216) 522-7455 (Watson)
(216) 522-7458 (Stern)
(216) 522-7430 (Facsimile)